**EXHIBIT A:**

**FINAL JUDGMENTS**

**(Ordered by Year Judgment Entered)**

UNITED STATES v. THE NOME RETAIL GROCERYMEN'S ASSOCIATION, ET AL.

Civil No. 1449

Year Judgment Entered: 1906

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF ALASKA, SECOND DIVISION.

Civil No. 1449.

UNITED STATES OF AMERICA

vs.

THE NOME RETAIL GROCERYMEN'S ASSOCIATION, THE
NORTHWESTERN COMMERCIAL COMPANY, A CORPORA-
TION, THE BEAU MERCANTILE COMPANY, A CORPORATION,
ARCHER EWING & COMPANY, A CORPORATION, THE
ALASKA MERCANTILE COMPANY, A. CARLIS AND S.
CARLIS, COPARTNERS AS CARLIS BROS., H. P. KING AND
H. P. KING, JR. COPARTNERS AS KING & KING, IRA M.
RANK, M. E. ATKINSON, W. W. EWING, J. P. PARKER,
A. POLET, C. LUCCI, FRED BROOMER, THORULF LEHMAN,
BIANCHI, EUGENE ANDRUCETTE, ISAIAH NEWENS AND
H. J. GLANDEN, COPARTNERS AS NEWENS & GLANDEN.

DECREE.

This cause coming on regularly to be heard, on the
motion of plaintiff, the United States of America, by
Henry M. Hoyt, Esq., its attorney, for judgment, and it
appearing to the Court from the records and files herein,
including the marshal's return on the summons hereto-
fore issued herein, that each of the above named defen-

dants has been duly and regularly served with the process of this court together with certified copy of the complaint, as required by law, and that more than thirty days has elapsed since such service upon each of the said defendants, and that this action has been duly and regularly dismissed by the order of this court as to the defendants the Alaska Mercantile Company, a corporation, and The Beau Mercantile Company, a corporation, the said Beau Mercantile Company, having filed an answer herein, and that none of the other defendants have appeared or answered herein and that the default of each of them has been duly and regularly entered herein, and the Court having considered the complaint and the evidence filed in support thereof, and being sufficiently advised in the premises does now

ORDER, ADJUDGE AND DECREE that the injunction heretofore issued out of this court in this action, commanding the said defendants and each of them to absolutely desist and refrain from in any way interfering with, impeding or preventing free, open and unrestrained competition between themselves or any of them in the conduct of the retail grocery business of each of said defendants, or between said defendants and others engaged in the retail grocery business in Nome, Alaska, and from continuing in force, effect and operation any combination, conspiracy, agreement or understanding heretofore entered into between themselves or any of them relating to the retail selling price of groceries, etc., in Nome, Alaska, and from continuing in force, effect and operation, pursuant to such combination, conspiracy, agreement or understanding, any schedule of prices for groceries, etc. heretofore adopted, fixed, agreed upon, or put in operation by virtue of any combination, conspiracy, agreement or understanding between themselves or any of them; and from hereafter combining, conspiring or agreeing between themselves, or any of them, either as individuals or as an association, directly or indirectly to fix, adopt, abide by or maintain any schedule of retail selling prices of any articles, in the line of groceries etc. in Nome, Alaska or

any schedule fixing any minimum price on any such articles; and from entering into any combination, conspiracy or agreement, as an association or as individuals, either expressly or impliedly, or in any manner whatever, or by any means arriving at any understanding between themselves or any of them, relating to or affecting in any way whatever the price of any article for sale at their respective places of business; and from combining, conspiring or agreeing to do any act or thing whatever, intended or calculated to prevent any person or persons whomsoever from engaging in or continuing to engage in the retail grocery business at Nome, Alaska, or intended or calculated to hinder or embarrass said person or persons in the prosecution of his or their said business, either by inducing or attempting to induce wholesale grocery dealers at Nome, Alaska, or elsewhere, to refrain from selling goods to said person or persons or by any other means, except by legitimate competition, injuring or attempting to injure the business of said person or persons; be and the same hereby is made permanent and perpetual; it is further

ORDERED, ADJUDGED AND DECREED that any and all agreements, contracts and obligations, express or implied, in whatever manner made, heretofore entered into by and between the said defendants herein or any of them with reference to the regulation, control, maintenance or fixing of prices of groceries in Nome, Alaska, be and the same hereby are declared and decreed to be unlawful and void and the same are hereby set aside; and it is further

ORDERED, ADJUDGED AND DECREED that the said defendants and each of them be and they are hereby prohibited and enjoined from hereafter enforcing, causing to be enforced or carrying out said agreements contracts and obligations; and it is further

ORDERED, ADJUDGED AND DECREED that the said defendant the Nome Retail Grocerymen's Association be and the same is hereby declared and decreed to be an unlawful association, and the same is hereby dissolved and abolished; and it is further

Case 3:06-cv-01449-HRH   Document 1-1   Filed 02/07/19   Page 4 of 12

ORDERED, ADJUDGED AND DECREED that the said defendants and each of them be and they and each of them is hereby enjoined and restrained from giving any orders or directions to committees, associations or others for the performance of any of the acts herein sought to be enjoined and it is further

ORDERED AND DECREED that the defendants, against whom this action has not been dismissed, pay the cost and disbursements of this action, taxed at $220.75.

ALFRED S. MOORE,
*District Judge.*

[February 8, 1906.]

UNITED STATES v. ODOM COMPANY, ET AL.

Civil Action No. A-13 72

Year Judgment Entered: 1973

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

AT ANCHORAGE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| v. ) | Civil Action<br>No. A-13 72 |
| ODOM COMPANY; ) | Filed: Aug. 30, 1973 |
| ANCHORAGE COLD STORAGE CO., INC.; ) | |
| and ALASKA DISTRIBUTORS COMPANY, ) | Entered: November 5, 1973 |
| Defendants. ) | |

FINAL JUDGMENT

Plaintiff, United States of America, having filed its

complaint herein on January 28, 1972, and the defendants,

by their respective attorneys, having severally appeared and

having filed their answers to such complaint denying the

substantive allegations thereof; and the plaintiff and the

defendants, by their respective attorneys, having consented

to the entry of this Final Judgment without trial or

adjudication of or finding on any issue of fact or law

herein and without this Final Judgment constituting evidence

or an admission by any of them in respect to any such issue;

NOW, THEREFORE, before any testimony has been taken

and without trial or adjudication of or finding on any issue

1  of fact or law herein, and upon consent of the parties
2  hereto, it is hereby
3      ORDERED, ADJUDGED AND DECREED as follows:
4                              I
5      This Court has jurisdiction of the subject matter hereof
6  and the parties hereto.  The complaint states a claim against
7  the defendants upon which relief may be granted under Section
8  1 of the Act of Congress of July 2, 1890 (15 U.S.C. Sec. 1),
9  entitled "An Act to protect trade and commerce against
10 unlawful restraints and monopolies;" as amended, commonly
11 known as the Sherman Act.
12                             II
13     As used in this Final Judgment:
14     (a)  "Defendants" means Odom Company, Anchorage Cold
15 Storage Co., Inc., and Alaska Distributors Company;
16     (b)  "Free goods" means that quantity of alcoholic
17 beverages received without charge by a retailer in excess of
18 the quantity actually purchased by such retailer;
19     (c)  "Liquor products" means all alcoholic beverages
20 sold and distributed by defendants;
21     (d)  "Wholesaler" means any person who distributes
22 and sells liquor products at wholesale to retailers; and
23     (e)  "Person" means any individual, partnership,
24 firm, association, corporation or other business or legal
25 entity.
26
27
28
29
30                              2
31
32

7—1404

U. S. GOVERNMENT PRINTING OFFICE

The provisions of this Final Judgment applicable to
any of the defendants shall also apply to its officers,
directors, agents, employees, subsidiaries, successors
and assigns, and to all other persons in active concert or
participation with any of them who receive notice of this
Final Judgment by personal service or otherwise; provided,
however, that the provisions of this Final Judgment shall
not apply to transactions between any defendant and any person
who is controlled by such defendant and provided further,
that for purposes of this Final Judgment, "control" shall
be defined as ownership of more than 50% of the outstanding
common stock of such person.

IV

Each defendant is enjoined and restrained from, directly
or indirectly, entering into, adhering to, maintaining or
furthering any contract, agreement, understanding, plan or
program with any other person:

(a) To fix, maintain, adhere to or stabilize
    prices, markups, or other terms and
    conditions of sale at which liquor
    products are sold to any third person; and

(b) To fix, establish, maintain or eliminate
    the giving of discounts in connection
    with the sale of liquor products, either
    in the form of free goods or otherwise.

V

Each defendant is enjoined and restrained from
communicating to or exchanging with any other wholesaler any
actual or proposed prices, price changes, discounts either

8

in the form of free goods or otherwise, or other terms or
conditions of sale at or upon which any liquor product is
to be or has been sold to any third person prior to any
communication of such information to the public or customers
generally.

VI

Each defendant is ordered and directed:

(A) Within ninety (90) days after the entry of this
Final Judgment, to serve a conformed copy of this Final
Judgment upon each of its respective officers, directors,
and managing agents and upon each of its employees who have
any responsibility for the establishment of wholesale prices
of liquor products;

(B) Within ninety (90) days after entry of this Final
Judgment, advise and inform each such officer, director,
managing agent and employee upon whom this Final Judgment
is served as described in Subsection (A) above, that
violations by him of the terms of this Final Judgment could
result in conviction of contempt of court and could subject
him to a fine or imprisonment or to both fine and
imprisonment;

(C) Within one hundred and twenty (120) days after
the entry of this Final Judgment to serve upon plaintiff
affidavits concerning the fact and manner of compliance
with Subsections (A) and (B) of this Section VI.

VII

Each defendant is ordered and directed for a period of
ten (10) years after the entry of this Final Judgment to
serve a copy of this Final Judgment upon each successor to
each of those officers, directors, agents and employees of
defendant described in Subsection (A) of Section VI above,

4

within thirty (30) days after each such successor is
employed by or becomes associated with such defendant, and
to advise him at the time of such service upon him that
violation by him of the terms of this Final Judgment could
result in conviction of contempt of court and could subject
him to a fine or imprisonment or to both fine and
imprisonment.

VIII

Each defendant is ordered and directed for a period of
ten (10) years from the date of the entry of this Final
Judgment to file with the plaintiff, on each anniversary
date of such entry, a report setting forth the steps which
it has taken during the prior year to advise its appropriate
officers, directors, managing agents and employees of its
and their obligations under this Final Judgment. Said report
shall also include a list showing the name, title and address
of each such officer, director, managing agent and employee
upon whom the Final Judgment has been served, as described
in Section VII above.

IX

For the purpose of determining or securing compliance
with this Final Judgment, and for no other purpose, duly
authorized representatives of the Department of Justice
shall upon written request of the Attorney General or the
Assistant Attorney General in charge of the Antitrust
Division upon reasonable notice to each defendant made to
each defendant's principal office be permitted, subject to
any legally recognized privilege:

(A) Access during the office hours of said
    defendant to all books, ledgers, accounts,

5

correspondence, memoranda, and other
records and documents in the possession
or control of defendant relating to any
of the matters contained in this Final
Judgment; and

(B) Subject to the reasonable convenience of
defendant and without restraint or
interference from it, to interview the
officers, agents and employees of
defendant who may have counsel present,
regarding any such matters.

Upon written request of the Attorney General, or the
Assistant Attorney General in charge of the Antitrust Division,
each defendant shall submit such reports in writing with
respect to the matters contained in this Final Judgment as
may from time to time be requested.

No information obtained by the means permitted in this
Section IX shall be divulged by any representatives of the
Department of Justice to any person other than a duly author-
ized representative of the Executive Branch of the plaintiff,
except in the course of legal proceedings to which the United
States is a party for the purpose of securing compliance with
this Final Judgment, or as otherwise required by law.

X

Jurisdiction is retained by this Court for the purpose of
enabling any party to this Final Judgment to apply to this
Court at any time for such further orders and directions as
may be necessary or appropriate for the construction or carry-
ing out of this Final Judgment, for the modification of any of
the provisions contained therein, for the enforcement of com-
pliance therewith and for the punishment of violations thereof.

Dated: November 5, 1973

/s/ RAYMOND E. PLUMMER
UNITED STATES DISTRICT JUDGE

6